1 Richard P. Sybert, Bar No. 80731
rsybert@gordonrees.com
2 GORDON REES SCULLY MANSUKHANI, LLP
5901 Priestly Drive, Suite 308
3 Carlsbad, CA 92008
Tel (619) 230-7768 / Fax (619) 595-5768
4
Reid E. Dammann, Bar No. 249031
5 rdammann@gordonrees.com
GORDON REES SCULLY MANSUKHANI, LLP
6 633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
7 Tel (213) 576-5000 / Fax 213-680-4470

8 Attorneys for Plaintiff
LANARD TOYS LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Lanard Toys Limited, | ) CASE NO. 2:19-CV-04350 RSWL-AFM |
|---|---|
| Plaintiff, | ) **JOINT RULE 26(f) REPORT** |
| vs. | ) **Scheduling Conference: Oct. 15, 2019** |
| Anker Play Products, LLC, | ) District Judge: Ronald S.W. Lew<br>) Courtroom TBD |
| Defendant. | ) Magistrate Judge: Alexander F. MacKinnon<br>) Courtroom 780 |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff Lanard Toys Limited ("Lanard") and counsel for Defendant Anker Play Products, LLC ("Anker") respectfully file this Joint Rule 26 Report ("Joint Report") pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 26-1. The Parties state jointly as follows:

**A.    STATEMENT OF THE CASE**

**1. Plaintiff's Claims:**

Plaintiff Lanard Toys Limited ("Lanard") is a leading manufacturer and seller of toys throughout the world, including sales on a private label basis to other

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1  toy retailers. In 2015, Lanard's designers developed a unique and original chalk
2  toy— a hand-sized bag filled with powdered chalk styled as a hand grenade. The
3  products come in a variety of fabric colors with corresponding internal chalk colors
4  and feature either a yellow or red cord "fuse." Lanard called its toy the "Chalk
5  Bomb" and has sold it packaged as a single toy or in multi-packs of three and ten.
6      Lanard published its work by November 7, 2015.  It submitted two copyright
7  applications for the packaging to the United States Copyright Office on December
8  29, 2015.  The Copyright Office registered Lanard's copyrights effective as of the
9  same date and assigned Registration Nos. VA 2-022-296 and 1-999-283. Further,
10 Lanard also applied for a federal trademark registration for the mark CHALK
11 BOMB! for "toys comprised of chalk powder, namely, tossing toys and drawing
12 toys" in International Class 028.  The mark registered as U.S. Registration No.
13 5,046,808.  Further, Lanard filed for design patent protection on two inventive
14 concepts. The Patent Office granted both design applications, both entitled "Toy
15 Throwing Ball," giving the first, United States No. D804,596, on April 10, 2018,
16 and the second, United States No. D815,220, December 5, 2017 ("'220 Patent")
17 (hereinafter, unless referred to individually, "Asserted Patents").
18     Lanard's CHALK BOMB!® has been a success in the market, with major
19 United States retailers, including Wal-Mart, Albertsons, and Hobby Lobby making
20 substantial sales of the product. By virtue of significant sales, quality and unique-
21 ness of design, and the substantial time, effort, and money expended over the years
22 by Lanard in creating, promoting, and popularizing this product, Lanard has
23 developed a valuable reputation and goodwill in connection with its CHALK
24 BOMB!® and the trade dress associated with it.  Lanard enjoys substantial demand
25 for this product, and the trade dress embodied in the CHALK BOMB!® has
26 become well known to consumers and the trade by widespread, continuous, and
27 exclusive use thereof.  The purchasing public and customers of Lanard associate
28 the CHALK BOMB!® and its trade dress exclusively with Lanard. As a result, the

relevant public has come to recognize an association between the CHALK BOMB!® design and Lanard, and to understand that chalk toys having the design elements used by Lanard are made exclusively by Lanard or otherwise are associated with Lanard.

Anker is now and has been offering for sale unauthorized and infringing copies, entitled "Chalk Blast," ("Accused Product"), of Lanard's CHALK BOMB!®. The Accused Products and the trademark "Chalk Blast" are remarkably similar to Lanard's CHALK BOMB!®, and copy the protectable expression in Lanard's design. Based on such conduct, Lanard has alleged the following claims against Anker: False Designation of Origin [15 U.S.C. § 1125(A)]; Trademark Infringement [15 U.S.C. § 1114]; Design Patent Infringement [35 U.S.C § 271]; California Unfair Competition [Cal. Bus. & Prof. Code § 17200 *et seq.*]; and Copyright Infringement [17 U.S.C. § 101 *et seq.*].

**2. Defendant's Defenses and Counterclaims:**

Defendant Anker Play Products, LLC ("Anker") is a leading manufacturer and distributor of play products for children of all ages. Anker sold its Chalk Blast Product for a limited period of time and to a limited number of customers, stopped selling the product well prior to the filing of this action, and does not plan to sell the product in the future.

Anker sold its Chalk Blast product without knowledge of Lanard's Chalk Bomb product, or Lanard's alleged intellectual property rights.

Anker does not infringe Lanard's alleged intellectual property rights. Anker's Chalk Blast product and packaging bear little to no similarities between Lanard's Chalk Bomb product or packaging (i.e., the subject matter of Lanard's copyright registrations). Lanard's trademark is invalid, and Anker's use of Chalk Blast is not confusingly similar to Bomb (Lanard disclaimed the word "Chalk"). Lanard's design patents are invalid and, in any case, Anker's Chalk Blast product does not infringe such Asserted Patents.

## B. SUBJECT MATTER JURISDICTION

This Court has original jurisdiction over the dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b), as this action arises under the United States Copyright Act (17 U.S.C. §§ 101 *et seq.*), the Lanham Act (15 U.S.C. §§ 1051 *et seq.*), the Patent Act (35 U.S.C § 271 *et seq.*), and includes a claim of under California Unfair Competition (Cal. Bus. & Prof. Code § 17200 *et seq.*) that is joined with and substantially related claims under the copyright, patent, and trademarks laws of the United States pursuant to 28 U.S.C. § 1338(b). This Court has supplemental jurisdiction over the state law claim of this complaint pursuant to 28 U.S.C. §1367(a).

## C. LEGAL ISSUES

### Plaintiff's Position:

**1. False designation of origin**

Whether Defendant's use of the "Chalk Blast" mark in interstate commerce, without Lanard's consent, is a false designation of origin causing a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public. Whether Defendant's conduct has infringed Lanard's trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

Further, whether Defendant has been unjustly enriched by virtue of its deception of consumers and misappropriation of Lanard's goodwill. Lastly, whether Defendant's actions were known, intentional, wanton, and willful. Whether the principles of equity warrant an award to Lanard of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

**2. Trademark infringement**

Whether Defendant's use of the "Chalk Blast" mark to promote and sell Defendant's Accused Product in violation of Lanard's rights in its registered trademark. Specifically, whether Defendant's use of the "Chalk Bomb" mark is

*Gordon & Rees LLP*
*101 W. Broadway Suite 2000*
*San Diego, CA 92101*

likely to cause confusion, mistake, and to deceive consumers, and whether Defendant's actions constitute a blatant attempt to confuse the consuming public and to trade off Lanard's goodwill. Further, whether Defendant acted knowingly and willfully, with full knowledge of the likelihood of confusion and with the intent to deceive consumers in order to trade off the efforts and earned goodwill and reputation of Lanard and whether Defendant has been unjustly enriched by virtue of its deception of consumers and misappropriation of Lanard's goodwill. Lastly, whether Defendant's actions were known, intentional, recklessly indifferent, wanton, or willful, and the principles of equity warrant an award to Lanard of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

### 3. Design Patent Infringement

Whether Defendant's conduct in making, using, selling and/or importing of the Accused Product constitutes infringement, either literally or under the doctrine of equivalents, of the Asserted Patents under 35 U.S.C. § 271 and whether Lanard is entitled to a complete accounting of all revenue and profits derived by Defendant, from the unlawful conduct alleged herein, including without limitation, Defendant's total profit pursuant to 35 U.S.C. § 289. Further, whether the acts by Defendant was committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights and were done with full knowledge of the infringement.

### 4. Copyright infringement

Whether Defendant's copying of Lanard's product and use of the Accused Product is a violation of Lanard's exclusive rights to the original work of authorship in its CHALK BOMB!® toy, including but not limited to the exclusive right to make reproductions and distribute copies to the public. Further, whether the acts of the Defendant were committed willfully, knowingly, recklessly indifferently, maliciously, or in conscious disregard of Lanard's rights.

**5. California unfair competition**

Whether the acts by Defendant in causing confusion among the relevant public and causing a false association or sponsorship, in California and elsewhere constitute unlawful, unfair, and fraudulent business practices prohibited by Business & Professions Code Section 17200 *et seq*. Further, whether the acts by Defendant was committed willfully, knowingly, recklessly indifferently, maliciously, or in conscious disregard of Lanard's rights including intellectual property rights.

**Defendant's Position**:

At present, Anker identifies the following legal issues of law that may be presented to the Court for resolution. Anker may identify additional legal issues based on information learned during discovery.

1. Whether U.S. Registration No. 5,046,808 for CHALK BOMB! is invalid on the ground that "CHALK" is disclaimed and the mark is merely descriptive

2. Whether Anker's use of "Chalk Blast" as the name of its product was likely to confuse the relevant public as to source, association, or sponsorship of Anker's product?

2. Whether Lanard's U.S. Design Patent Nos. D804,596 and D815,220 are invalid?

3. Whether Anker's making, using, selling, offering to sell and/or importing the Chalk Blast Product constituted infringement of the Lanard's U.S. Design Patent Nos. D804,596 and D815,220

4. Whether Anker has infringed the works which are the subject of Lanard's U.S. Copyright Registration Nos. VA 2-022-296 and 1-999-283?

5. Whether Lanard is entitled to recover actual or statutory damages?

D. **PARTIES, EVIDENCE, ETC.**

**1. Plaintiff's List of Parties, Percipient Witnesses, and Key Documents**

a. <u>parties including all subsidiaries, parents, and affiliates</u>

- Lanard Toys Limited (Plaintiff)
- Fairmount Investments Ltd. (Privately owned company that owns Plaintiff)
- Lanard Toys, Inc. (Subsidiary of Plaintiff)
- Anker Corporation (Defendant)

b. <u>percipient witnesses</u>

- James W. Hesterberg, Managing Director of Lanard
- Blake C. Nichols, formerly of Lanard
- Logan J. Williams of Lanard
- Glen Bloucher, independent sales representative
- Brandon Boggs, independent sales representative
- Angel Lee, Lanard Sales Director
- James P. Wleklinski, Lanard Product Design Manger
- Yvonne Cheung, Lanard General Manager
- Gary Kwon, Lanard Engineering Manager
- Jonathan R. Blackburn, Lanard Graphics Manager
- Richard R. Perkins, Lanard R&D Designer
- Jim Fernandez, independent sales representative
- Defendant's corporate representatives, employees, vendors, or independent contractors
- Defendant's customers and prospective customers for the accused infringing toys
- All witnesses listed by other parties to this action
- All persons referenced or identified in the pleadings, depositions, and written discovery responses

c. <u>Key Documents</u>

- The Chalk Bomb and its distinctive packaging
- The Chalk Bomb copyright certification
- The Chalk Bomb design patents certifications
- Defendant's infringing toys and packaging
- Anker's Chalk Blast product
- Documents relating to the design and development, manufacture, marketing, distribution, and sale of the Chalk Blast or Accused Product
- Documents relating to the transactions, agreements, and correspondences between the Defendant and involved third parties that relate to the Accused Product, the "Chalk Blast"
- Documents relating to Defendant's business models, structures, strategies, operations, and financial and accounting information including specifically without limitation overhead, profit, variable and fixed costs, and margins relative to the Accused Product, and relative to an appropriate order of magnitude of exemplary damages
- Documents relating to Defendant's customs, practices, and business strategies regarding the proprietary designs and intellectual property of others, including documents relating to prior instances in which defendant has been accused of infringement

**2. Defendant's List of Parties, Percipient Witnesses, and Key Documents**

Fed. R. Civ. P. 26(f) and L.R. 26 do not require the disclosure of the information provided by Plaintiff above, namely the disclosure of related parties and potential percipient witnesses. The former was disclosed in Defendant's

Notice of Interested Parties (Dkt. 13) and Corporate Disclosure Statement (Dkt. 14) and the latter will be disclosed as required under Fed. R. Civ. P. 26(a)(1).

### E. DAMAGES

#### 1. Plaintiff

Lanard is currently unable to assess the extent of its damages pending discovery and expert analysis, and/or this is the subject of expert analysis to be disclosed as per the Court's scheduling order. Lanard is entitled to all categories of damages available under federal patent law, the Copyright Act, the Lanham Act, federal and California unfair competition law, and other applicable law, such categories of damages including direct damages, Lanard's losses, Defendant's profits, damage to Lanard's reputation and loss of business existing and prospective, treble, exemplary, and punitive damages, and attorneys' fees.

#### 2. Defendant

Anker asserts that Lanard is not entitled to any damages as it is not entitled to any relief under the claims asserted in this action. Defendant is entitled to attorney's fees under the federal patent law, the Copyright Act, and the Lanham Action an amount to be determined at a later date.

### F. INSURANCE

Plaintiff: none

Defendant: none

### G. ADDITIONAL PARTIES

Plaintiff: No motions are currently pending; however, Plaintiff anticipates that if the facts support it, Plaintiff may add parties to the action

Defendant: No motions are currently pending; however, Defendant anticipates that if the facts support it, Defendant may seek to add parties to the action.

**H.** **DISPOSITIVE MOTIONS**

**1. Plaintiff**

Plaintiff anticipates the potential for filing a motion for summary judgment of infringement and/or willfulness on any of its asserted causes of action but reserves the right to amend this contention.

**2. Defendant**

Defendant anticipates filing a motion for summary judgment of non-infringement and invalidity but reserves the right to amend this contention.

**I.** **MANUAL FOR COMPLEX LITIGATION**

The Parties do not believe that this case is sufficiently complex that the procedures of the Manual for Complex Litigation should be utilized.

**J.** **STATUS OF DISCOVERY**

Parties agreed, through counsel, to exchange their Initial Disclosures on October 8, 2019.

**K.** **DISCOVERY PLAN**

1. <u>Changes in the Disclosures Under Rule 26(a)</u>

The Parties do not believe any changes should be made to the form or requirements of initial disclosures under FRCP 26(a)(1). The Parties have met and conferred regarding the initial disclosures required by Federal Rules of Civil Procedure Rule 26(a)(1). The Parties have agreed to exchange their initial disclosures on October 8, 2019.

2. <u>Rule 26(f) Conference</u>

Pursuant to FRCP 26(f) and the Court's Order Re: Setting Scheduling Conference (Dkt. 15), the Parties met and conferred on the issues identified in the Court's Order on September 25, 2019. The Conference was attended by Reid E. Dammann and Richard P. Sybert representing Lanard, and Jamaica P. Szeliga, Roberto S. Terzoli and Kenneth L. Wilton representing Anker.

3. <u>The Scope of Anticipated Discovery</u>

    a. At this time, Plaintiff anticipates that there will be discovery on at least the following subjects:

        (a) the identification of each Accused Product manufactured, imported, sold and offered for sale by Anker;

        (b) the amount of damages that Lanard is entitled to receive on account of Anker's infringement of each of Lanard's respective intellectual property rights;

        (c) the source or sources of Anker's Accused Product;

        (d) the source of the engineering and design drawings used by Anker to create the Accused Product;

        (e) Anker's corporate structure; and,

        (f) Anker's willful infringement, and any other applicable claim or defense raised by the Parties.

    b. At this time, Defendant anticipates that there will be discovery on at least the following subjects:

        (a) the design and/or reduction to practice of the Chalk Bomb product.

        (b) any confusion, or lack thereof, between Lanard's CHALK BOMB mark and the Chalk Blast mark.

        (c) the identification of the inventor(s), author(s), etc. of Lanard's alleged intellectual property.

        (d) information regarding the validity and scope of Lanard's asserted intellectual property rights.

4. <u>Discovery Phases and Limitations</u>

The Parties agree that discovery should not be conducted in phases or otherwise be limited, within the limitations set forth in the Federal Rules of Civil Procedure.

- 11 -
JOINT RULE 26(f) REPORT

5. <u>Changes to Limitations on Discovery</u>

The Parties agree that there should be no changes to the limitations set forth in the Federal Rules of Civil Procedure relating to written discovery, but will meet and confer regarding possibly increasing the number of depositions permitted to be taken under Fed. R. Civ. P. 30(a)(2)(A)(i). The Parties recognize that the convenience of witnesses should be accommodated by counsel for both Parties, when scheduling non-expert depositions. The Parties reserve the right to seek leave from the Court should later developments reveal that additional discovery is required.

6. <u>Stipulated Order Governing Confidential Materials</u>

The Parties agree that a protective order will be necessary due to confidential business information that may be exchanged in this action. In addition to addressing the treatment of confidential business information, the Parties anticipate that this order will address issues related to inadvertently produced privileged information, as well as privilege logs and electronically stored information. The Parties anticipate filing a comprehensive stipulation and proposed protective order for the Court's consideration and will in good faith negotiate a clawback provision therein.

7. <u>Depositions</u>

The Parties agree that the Federal Rules of Civil Procedure will govern all depositions taken in this action. The Parties will cooperate in deposition scheduling and will cooperate in good faith to make efficient use of deposition time.

8. <u>Other Issues Related to Discovery</u>

The Parties agree that attorney-client communications with litigation counsel that created after the filing of the Complaint in this action need not be included in a privilege log. The Parties agree that, in the event a party withholds documents pursuant to a claim of privilege (*see* Fed. R. Civ. P. 34(b)(2)(C)), the Parties will prepare a privilege log with regard the specific request(s). If the Parties have

exchanged privilege logs, any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.

### 9. Electronic Discovery

The parties represent that they will act reasonably to produce Electronically stored information ("ESI") and non-ESI discovery as text-searchable image files as they are kept and maintained. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the meta data and, where applicable, the revision history. The parties shall produce their information in the following format: single page TIFF images and associated multi-page text files contained extracted text or OCR with standard load files containing all requisite information including relevant metadata. The only files that should be produce in native format are files not easily convertible to image format, such as Excell and Access filed.

To the extent either party believes, on a case-by-case basis, that documents should be produced in an alternative format, such as by pdf in lieu of native files, the Parties have agreed that they will meet and confer in good faith concerning such alternative production arrangement.

### 10. Evidence Preservation

The Parties believe electronic discovery and specifically, the preservation of electronic information and proper disclosure of electronically stored information may be an aspect of this case. The Parties discussed the need to inform their clients of the retention of electronically stored information. In addition, the Parties discussed the use of "claw back" agreements for privilege issues and believe such agreements and/or stipulations may be used in this case, so long as such agreements are used in good faith in case of inadvertent production.

### 11. Third Party Document Subpoenas and Depositions

In accordance with the Federal Rules of Civil Procedure, the number of

subpoenas propounded by each side will not be limited. The Parties intending to depose third party witness shall confer with opposing counsel prior to issuing a subpoena or deposition notice in a good faith effort to schedule depositions for dates and locations that are acceptable to all Parties.

## L. SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE RESOLUTION

**Plaintiffs's Position**:

The Parties have previously discussed settlement. Prior to service of the Complaint, Plaintiff provided its offer to settle the matter that was unacceptable to Defendant. Defendant provided a counteroffer that was unacceptable to Plaintiff, as it provided only for disgorgement of purportedly minimal profits without provision for preventative or deterrent measures for repeat infringers such as Defendant, attorney's fees, or willfulness and statutory damages. The two parties are very far apart.

**Defendant's Position**:

Unfortunately, Plaintiff's unrealistic view of the factual basis and legal merit of this case has thus far precluded the parties from settling. Defendant remains hopeful that Plaintiff will realize that it is unlikely to obtain any more relief through litigation than has already been offered by Defendant before this case was filed.

## M. WITNESSES

The Parties have requested that this case be tried by a jury and believe the following: Plaintiff anticipates calling 10 – 15 witnesses. Plaintiff reserves the right to amend this contention.

Defendant anticipates calling 5-10 witnesses. Defendant reserves the right to amend this contention.

/ / /

/ / /

P. **TRIAL COUNSEL**

For Plaintiff: Richard P. Sybert.

For Defendant: Kenneth L. Wilton

R. **SCHEDULE WORKSHEET**

The Parties have completed the following Schedule of Pretrial and Trial Dates Worksheet:

| Case No. CASE NO. 2:19-CV-04350 RSWL-AFM | Case Name: Lanard Toys Limited v. Anker Play Products, LLC | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Proposed Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Check one: [X] Jury Trial or [ ] Court Trial  Estimated Duration: 4 - 6 Days | | 12/15/2020 | [ ] Jury Trial [ ] Court Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], (*Tuesday* at 10:00 a.m) | | 11/17/2020 | |
| Last Date to *Hear* Motion to Amend Pleadings /Add Parties *[Tuesdays]* | | 1/14/2020  *Scheduling Conference + 90 days | |
| | | **Proposed Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Non-Expert Discovery Cut-Off | | 6/23/2020 | |
| Expert Disclosure (Initial) | | 7/21/2020 | |
| Expert Disclosure (Rebuttal) | | 8/11/2020 | |
| Expert Discovery Cut-Off | | 9/15/2020 | |
| Last Date to *Hear* Motions *[Tuesday]* | | 10/20/2020 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: [ ] 1. Magistrate Judge *(with Court approval)* [X] 2. Court's Mediation Panel [ ] 3. Private Mediation | | 8/18/2020 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |

|    |                           |                                                  |
|----|---------------------------|--------------------------------------------------|
| 1  |                           | Respectfully Submitted,                          |
| 2  | Dated: October 8, 2019    | GORDON REES SCULLY MANSUKHANI, LLP               |
| 3  |                           |                                                  |
| 4  |                           | by   */s/Reid E. Dammann*                        |
| 5  |                           | Richard P. Sybert<br>Reid E. Dammann             |
| 6  |                           | Attorneys for Plaintiff<br>LANARD TOYS LIMITED   |
| 7  |                           |                                                  |
| 8  | Dated: October 8, 2019    | SEYFARTH SHAW LLP                                |
| 9  |                           |                                                  |
| 10 |                           | by   /s/*Kenneth L. Wilton*                      |
| 11 |                           | Kenneth L. Wilton                                |
| 12 |                           | Attorneys for Defendant<br>ANKER PLAY PRODUCTION, LLC |

**Gordon & Rees LLP**
101 W. Broadway Suite 2000
San Diego, CA 92101

- 16 -
JOINT RULE 26(f) REPORT