1
SEYFARTH SHAW LLP
KENNETH L. WILTON (SBN 126557)
2
kwilton@seyfarth.com
DESTINY J. BROWN (SBN 305093)
3
debrown@seyfarth.com
2029 Century Park East, Suite 3500
4
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
5
Facsimile:    (310) 201-5219

6
JAMAICA P. SZELIGA (*admitted pro hac vice*)
7
jszeliga@seyfarth.com
ROBERTO S. TERZOLI (SBN 321938)
8
rterzoli@seyfarth.com
975 F. Street, N.W.
9
Washington, DC20004-1454
Telephone:   (202) 828-5364
10
Facsimile:    (202) 828-5393

11
Attorneys for Defendants
ANKER PLAY PRODUCTION, LLC,
12
IG DESIGN GROUP AMERICAS, INC.
and LEON SUMMERS
13

14                        UNITED STATES DISTRICT COURT

15                        CENTRAL DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17 LANARD TOYS LIMITED, | Case No. 2:19-cv-04350-RSWL-AFM |
| Plaintiff, | **ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANTS ANKER PLAY PRODUCTS, LLC, IG DESIGN GROUP AMERICAS, INC. AND LEON SUMMERS;** |
| 18 v. | |
| 19 ANKER PLAY PRODUCTS, LLC, IG DESIGN GROUP AMERICAS, INC., and LEON SUMMERS, | |
| 20 | |
| 21 Defendants. | **DEMAND FOR JURY TRIAL** |
| 22 | Second Amended Complaint |
| 23 | Filed:   May 1, 2020 |

24

25

26

27

28

1    Defendants Anker Play Products, LLC ("Anker"), IG Design Group Americas, Inc.
2    ("IG Design") and Leon Summers ("Mr. Summers") answer the Second Amended
3    Complaint ("SAC") of Plaintiff Lanard Toys Limited as set forth below:

4    **RESPONSE TO "COMPLAINT AND DEMAND FOR JURY TRIAL"**

5    1.    Anker, IG Design and Mr. Summers admit that Plaintiff's SAC makes
6    allegations against Anker, IG Design and Mr. Summers.  Anker, IG Design and
7    Mr. Summers deny the remaining allegations of Paragraph 1 of the SAC.

8    **RESPONSE TO "NATURE OF THE ACTION"**

9    2.    Anker, IG Design and Mr. Summers admit that Plaintiff's SAC purports to
10    assert claims for false designation of origin, trademark infringement, design patent
11    infringement, unfair competition, and copyright infringement.  Anker, IG Design and
12    Mr. Summers deny the remaining allegations of Paragraph 2 of the SAC.

13    **RESPONSE TO "THE PARTIES"**

14    3.    Anker, IG Design and Mr. Summers are without knowledge or information
15    sufficient to admit or deny the allegations contained in Paragraph 3 of the SAC and
16    therefore deny them.

17    4.    Anker, IG Design and Mr. Summers admit that Anker is a limited liability
18    company organized and existing under the laws of the state of Florida with a principal
19    place of business at 420 Lincoln Road, Suite 257, Miami Beach, Florida, 33139.  Anker,
20    IG Design and Mr. Summers admit that Anker is a manufacturer and distributor of
21    activity play products for children.  Anker, IG Design and Mr. Summers deny the
22    remaining allegations of Paragraph 4 of the SAC.

23    5.    Anker, IG Design and Mr. Summers admit that Mr. Summers is an
24    individual, is the Chief Executive Officer of Anker, resides in Florida and communicates
25    with individuals in China in his capacity as the Chief Executive Officer of Anker.  Anker,
26    IG Design and Mr. Summers deny the remaining allegations of Paragraph 5 of the SAC.

27
28

1     6.   Anker, IG Design and Mr. Summers admit that IG Design is a corporation
2   organized and existing under the laws of the state of Georgia with a principal place of
3   business at 5555 Glenridge Connector, Suite 300, Atlanta, GA, 30342.  Anker, IG Design
4   and Mr. Summers deny the remaining allegations of Paragraph 6 of the SAC.
5     7.   Anker, IG Design and Mr. Summers admit that Anker is a subsidiary of IG
6   Design.  Anker, IG Design and Mr. Summers deny the remaining allegations of
7   Paragraph 7 of the SAC.
8     8.   Anker, IG Design and Mr. Summers deny the allegations of Paragraph 8 of
9   the SAC.
10    9.   Anker, IG Design and Mr. Summers deny the allegations of Paragraph 9 of
11  the SAC.
12    10.   Anker, IG Design and Mr. Summers admit that Mr. Summers has not
13  personally purchased business liability insurance under which an insurance business may
14  be liable to satisfy all or part of a possible judgment in this action.
15    11.   Anker, IG Design and Mr. Summers deny the allegations of Paragraph 11 of
16  the SAC.
17    12.   Anker, IG Design and Mr. Summers deny the allegations of Paragraph 12 of
18  the SAC.
19    13.   Anker, IG Design and Mr. Summers deny the allegations of Paragraph 13 of
20  the SAC.

21  **RESPONSE TO "JURISDICTION AND VENUE"**

22    14.   Anker, IG Design and Mr. Summers admit that Plaintiff's SAC purports to
23  be an action arising under the patent laws of the United States, 35 U.S.C. §§ 1, 271, and
24  289 *et seq.*, the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, the United States Copyright Act,
25  17 U.S.C. §§ 101 *et seq.*, and the unfair competition laws of the State of California.
26  Anker, IG Design and Mr. Summers deny the remaining allegations of Paragraph 14 of
27  the SAC.
28

1

15.     Paragraph 15 of the SAC sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, however, Anker, IG Design and Mr. Summers deny the allegations of Paragraph 15 of the SAC.

16.     Paragraph 16 of the SAC sets forth conclusions of law to which no response is required.  To the extent a response is deemed to be required, however, Anker, IG Design and Mr. Summers do not contest supplemental jurisdiction over Plaintiff's state law claim in its SAC.

17.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 17 of the SAC, except that Anker and IG Design, for the purpose of this action only, do not contest venue in this Court under 28 U.S.C. § 1391(b) and 28 U.S.C. §§ 1400 (a) and (b).

18.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 18 of the SAC.

## RESPONSE TO "BACKGROUND FACTS"

19.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 19 of the SAC.

20.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 20 of the SAC.

21.     Anker, IG Design and Mr. Summers are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 21 of the SAC and therefore deny them.

22.     Anker, IG Design and Mr. Summers admit that Exhibits A and B to the SAC appear to be copies of applications to register and copyright Registration Nos. VA 2-022-296 and VA 1-999-283, respectively, and refer to them for their contents.  Anker, IG Design and Mr. Summers are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 22 of the SAC and therefore deny them.

23.     Anker, IG Design and Mr. Summers admit that Exhibit C to the SAC appears to be a copy of the certificate of trademark Registration No. 5,046,808 and refers

2

to it for its contents.  Anker, IG Design and Mr. Summers are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 23 of the SAC and therefore deny them.

24.     Anker, IG Design and Mr. Summers admit that Exhibit D to the SAC appears to be a copy of U.S. Design Patent No. D804,596 (the "'596 patent") and Exhibit E to the SAC appears to be a copy of U.S. Design Patent No. D815,220, and refers to them for their contents.  Anker, IG Design and Mr. Summers are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 24 of the SAC and therefore deny them.

25.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 25 of the SAC.

26.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 26 of the SAC.

27.     Anker, IG Design and Mr. Summers admit that Anker and IG Design have sold a product called "Chalk Blast" in the United States.  Anker, IG Design and Mr. Summers deny the remaining allegations of Paragraph 27 of the SAC.

28.     Anker, IG Design and Mr. Summers admit that Paragraph 28 of the SAC purports to contain a picture of a "Chalk Blast" product.  Anker, IG Design and Mr. Summers are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 28 of the SAC and therefore deny them.

29.     Anker, IG Design and Mr. Summers admit that the "Chalk Blast" product was available in a variety of colors.  Anker, IG Design and Mr. Summers deny the remaining allegations of Paragraph 29 of the SAC.

30.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 30 of the SAC.

31.     Anker, IG Design and Mr. Summers admit that Paragraph 31 of the SAC purports to contain a picture of a "Chalk Blast" product and deny the remaining allegations of Paragraph 31 of the SAC.

32.    Anker, IG Design and Mr. Summers deny the allegations of Paragraph 32 of the SAC.

33.    Anker, IG Design and Mr. Summers deny the allegations of Paragraph 33 of the SAC.

34.    Anker, IG Design and Mr. Summers deny the allegations of Paragraph 34 of the SAC.

35.    Anker, IG Design and Mr. Summers deny the allegations of Paragraph 35 of the SAC.

36.    Anker, IG Design and Mr. Summers deny the allegations of Paragraph 36 of the SAC.

37.    Anker, IG Design and Mr. Summers deny the allegations of Paragraph 37 of the SAC.

38.    Anker, IG Design and Mr. Summers deny the allegations of Paragraph 38 of the SAC.

39.    Anker, IG Design and Mr. Summers deny the allegations of Paragraph 39 of the SAC.

40.    Anker, IG Design and Mr. Summers deny the allegations of Paragraph 40 of the SAC.

41.    Anker, IG Design and Mr. Summers deny the allegations of Paragraph 41 of the SAC.

42.    Anker, IG Design and Mr. Summers deny the allegations of Paragraph 42 of the SAC.

43.    Anker, IG Design and Mr. Summers deny the allegations of Paragraph 43 of the SAC.

## **RESPONSE TO "FIRST CLAIM FOR RELIEF"**

### False Designation of Origin Under 15 U.S.C. § 1125(a)

44.    Anker, IG Design and Mr. Summers refer to and incorporate their responses set forth in Paragraphs 1-43, above, as if fully set forth herein.

4

45.     Anker, IG Design and Mr. Summers admit that Exhibit C of the SAC appears to be a copy of the certificate of registration for United States Trademark Registration No. 5,046,808 and refer to it for its contents.  Anker, IG Design and Mr. Summers are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 45 of the SAC and therefore deny them.

46.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 46 of the SAC.

47.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 47 of the SAC.

48.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 48 of the SAC.

49.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 49 of the SAC.

## RESPONSE TO "SECOND CLAIM FOR RELIEF"

### Trademark Infringement (15 U.S.C. § 1114)

50.     Anker, IG Design and Mr. Summers refer to and incorporates their responses set forth in Paragraphs 1-49, above, as if fully set forth herein.

51.     Anker, IG Design and Mr. Summers admit that Exhibit C of the SAC appears to be a copy of the certificate of registration for United States Trademark Registration No. 5,046,808 and refer to it for its contents.  Anker, IG Design and Mr. Summers are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 51 of the SAC and therefore deny them.

52.     Anker, IG Design and Mr. Summers admit that Plaintiff's SAC purports to include a claim for trademark infringement pursuant to 15 U.S.C. § 1114(1)(a).

53.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 53 of the SAC.

54.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 54 of the SAC.

55.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 55 of the SAC.

56.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 56 of the SAC.

57.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 57 of the SAC.

58.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 58 of the SAC.

59.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 59 of the SAC.

## RESPONSE TO "THIRD CLAIM FOR RELIEF"

### Patent Infringement (35 U.S.C. § 271)

60.     Anker, IG Design and Mr. Summers refer to and incorporates their responses set forth in Paragraphs 1-59, above, as if fully set forth herein.

61.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 61 of the SAC.

## RESPONSE TO "FOURTH CLAIM FOR RELIEF"

### California Unfair Competition (Cal. Bus. & Prof. Code § 17200 et seq.)

62.     Anker, IG Design and Mr. Summers refer to and incorporates their responses set forth in Paragraphs 1-61, above, as if fully set forth herein.

63.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 63 of the SAC.

64.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 64 of the SAC.

65.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 65 of the SAC.

66.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 66 of the SAC.

67.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 67 of the SAC.

### RESPONSE TO "FIFTH CLAIM FOR RELIEF"

#### Copyright Infringement (17 U.S.C. § 101 *et seq.*)

68.     Anker, IG Design and Mr. Summers refer to and incorporates their responses set forth in Paragraphs 1-67, above, as if fully set forth herein.

69.     Anker, IG Design and Mr. Summers admit that Exhibits A and B to the SAC appear to include copies of United States Copyright Registration Nos. VA 2-022-296 and VA 1-999-283, and refer to them for their contents.  Anker, IG Design and Mr. Summers deny the remaining allegations of Paragraph 69 of the SAC.

70.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 70 of the SAC.

71.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 71 of the SAC.

72.     Anker, IG Design and Mr. Summers deny the allegations of Paragraph 72 of the SAC.

### GENERAL DENIAL

Anker, IG Design and Mr. Summers deny each and every allegation of the SAC that is not expressly admitted above.  Anker, IG Design and Mr. Summers intend no implied admissions in their Answer to the SAC.

### AFFIRMATIVE DEFENSES

73.     Anker, IG Design and Mr. Summers further answer and assert the following defenses, reserving the right to amend or augment these defenses based on further investigation and discovery, without waiver of any of any of the denials set forth above. In raising these defenses, Anker, IG Design and Mr. Summers do not admit or acknowledge that any of them bears the burden of proof as to any of the asserted defenses.  Anker, IG Design and Mr. Summers expressly incorporate their responses set forth in Paragraphs 1-72, above, as if fully set forth herein.

7

**FIRST DEFENSE**

**(Failure to State a Claim for Relief)**

74.     The SAC, and each purported claim contained therein, fails to state any claim upon which relief can be granted.

**SECOND DEFENSE**

**(Standing)**

75.     To the extent that Plaintiff does not have all or substantially all rights to the copyrights, trademark, and patents asserted against Anker, IG Design and Mr. Summers, or to the extent that the purported assignments or ownership are defective for any reason, Plaintiff lacks standing to pursue such claims against Anker, IG Design and Mr. Summers.

**THIRD DEFENSE**

**(Waiver, Laches, Estoppel, Acquiescence)**

76.     Plaintiff's claims are barred, precluded, and/or limited by the doctrines of waiver, laches, estoppel, or acquiescence.

**FOURTH DEFENSE**

**(Descriptiveness)**

77.     Plaintiff's trademark infringement, false designation of origin, and unfair competition claims are barred because Plaintiff's alleged trademark is merely descriptive.

**FIFTH DEFENSE**

**(Invalidity of the Patents-in-Suit)**

78.     On information and belief, the claims of the Patents-in-Suit are invalid for failure to comply with the conditions for patentability under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. § 102,  35 U.S.C. § 103, and/or 35 U.S.C. § 112.

**SIXTH DEFENSE**

**(Limitation on Damages of the Patents-in-Suit)**

79.     On information and belief, Plaintiff's claim for damages based on the alleged infringement of the Patents-in-Suit is barred, in whole or in part, by 35 U.S.C. § 287 for Plaintiff's failure to plead notice thereunder.

**SEVENTH DEFENSE**

**(Invalidity of Copyright)**

80.     Plaintiff's purported copyrights are not copyrightable because the designs are generic, in the public domain, or are invalid for any other reason.

**EIGHTH DEFENSE**

**(De Minimis Use)**

81.     Plaintiff's claims of copyright infringement are barred, precluded, and/or limited to the extent any alleged use of Plaintiff's allegedly copyrightable material constitutes *de minimis* use.

**NINTH DEFENSE**

**(Fair Use)**

82.     Plaintiff's claims of copyright infringement are barred, precluded, and/or limited to the extent any alleged use of Plaintiff's allegedly copyrightable material constitutes fair use.

**TENTH DEFENSE**

**(Innocent Intent - Anker)**

83.     If Anker is found liable for copyright and/or trademark infringement, which liability Anker denies, any infringement by Anker was innocent and Plaintiff's alleged damages, if any, are limited.

**ELEVENTH DEFENSE**

**(Innocent Intent - IG Design)**

84.    If IG Design is found liable for copyright and/or trademark infringement, which liability IG Design denies, any infringement by IG Design was innocent and Plaintiff's alleged damages, if any, are limited.

**TWELFTH DEFENSE**

**(Innocent Intent – Mr. Summers)**

85.    If Mr. Summers is found liable for copyright and/or trademark infringement, which liability Mr. Summers denies, any infringement by Mr. Summers was innocent and Plaintiff's alleged damages, if any, are limited.

**THIRTEENTH DEFENSE**

**(Lack of Personal Jurisdiction – Mr. Summers)**

86.    This Court lacks personal jurisdiction over Mr. Summers.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Anker, IG Design and Mr. Summers pray for judgment against Plaintiff as follows:

87.    That the Court dismiss Plaintiff's SAC with prejudice;

88.    That Anker, IG Design and Mr. Summers be awarded their costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 505, and/or 35 U.S.C. § 285; and

89.    That the Court grant Anker, IG Design and Mr. Summers such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

10

## **JURY DEMAND**

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, Defendants Anker Play Products, LLC, IG Design Group Americas, Inc. and Leon Summers assert their rights and demand a trial by jury on all issues triable by a jury

DATED: May 15, 2020                    Respectfully submitted,

SEYFARTH SHAW LLP

By:          */s/ Kenneth L. Wilton/*
Kenneth L. Wilton
Attorneys for Defendants
ANKER PLAY PRODUCTS, LLC,
IG DESIGN GROUP AMERICAS, INC.
AND LEON SUMMERS

---

11