# EXHIBIT 1

1   Richard P. Sybert, Bar No. 80731
    rsybert@gordonrees.com
2   GORDON REES SCULLY MANSUKHANI, LLP
    101 W. Broadway, Suite 2000
3   San Diego, CA 92101
    Tel (619) 230-7768 / Fax (619) 696-7124
4
    Reid E. Dammann, Bar No. 249031
5   rdammann@gordonrees.com
    GORDON REES SCULLY MANSUKHANI, LLP
6   633 West Fifth Street, 52nd Floor
    Los Angeles, CA 90071
7   Tel (213) 576-5000 / Fax 213-680-4470

8   Attorneys for Plaintiff
    LANARD TOYS LIMITED
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  Lanard Toys Limited,                  ) CASE NO. 2:19-CV-04350 RSWL-
                                           ) AFM
14                     Plaintiff,          )
                                           ) **THIRD AMENDED COMPLAINT**
15        vs.                              ) **FOR**
                                           )
16  Anker Play Products, LLC a Florida     ) **1) FALSE DESIGNATION OF**
    Corporation; IG Design Group Americas  ) **ORIGIN [15 U.S.C. § 1125(A)];**
17  Inc., a Georgia Corporation; Leon      )
    Summers, an Individual,                ) **2) TRADEMARK**
18                                         ) **INFRINGEMENT [15 U.S.C.**
                       Defendants.         ) **§ 1114];**
19                                         )
                                           ) **3) DESIGN PATENT**
20                                         ) **INFRINGEMENT [35 U.S.C**
                                           ) **§ 271];**
21                                         )
                                           ) **4) CALIFORNIA UNFAIR**
22                                         ) **COMPETION; [Cal. Bus. & Prof.**
                                           ) **Code § 17200 *et seq.*];**
23                                         )
                                           ) **5) COPYRIGHT**
24                                         ) **INFRINGEMENT [17 U.S.C. § 101**
                                           ) ***et seq.*];**
25                                         )
                                           ) **JURY TRIAL DEMANDED**
26  ──────────────────────────────        )
27
28

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Plaintiff Lanard Toys Limited ("Lanard") hereby alleges the following as its Complaint against Defendant Anker Play Products, LLC ("Anker"), Defendant IG Design Group Americas Inc ("IG Design"), Defendant Leon Summers.

## NATURE OF THE ACTION

2.      This is an action for false designation of origin, trademark infringement, design patent infringement, unfair competition, and copyright infringement arising from Defendants' unauthorized making, using, offering to sell, and/or selling a chalk toy design that infringes Lanard's intellectual property. Defendants' infringement has irreparably harmed the goodwill and reputation of Lanard and caused Lanard irreparable damage and monetary harm, for which Lanard requests relief in this Court.

## THE PARTIES

3.      Plaintiff Lanard Toys Limited is a Hong Kong company with its principal place of business at Elite Centre, 28th Floor, 22 Hung To Road, Kwun Tong, Kowloon, Hong Kong.  Lanard manufactures and sells toys throughout the world, including to companies in the United States.

4.      Upon information and belief, Defendant Anker is a Florida limited liability company with its principal place of business at 420 Lincoln Road, Suite 257, Miami Beach, Florida, 33139. Upon information and belief, Anker is a toy manufacturer and distributor.

5.      Upon information and belief, Defendant Leon Summers is an individual who does business as "Anker Play Products" and resides in Florida. Mr. Summers is the Chief Executive Offer ("CEO") of Anker.  Mr. Summers is engaged in the business of manufacturing and selling toy product, and personally communicate with Chinese factories to select and procure toys distributed and sold in the United States.

6.      Upon information and belief, Defendant IG Design Group Americas Inc. is a Georgia corporation with its principal office address at 5555 Glenridge Connector, Suite 300, Atlanta, GA, 30342.  Upon information and belief, Defendant IG Design Group also has an office at 420 Lincoln Road, Suite 257, Miami Beach, Florida, 33139.

7.      Upon information and belief, Anker is a subsidiary of IG Design or otherwise related to IG Design.

8.      Upon information and belief, Mr. Summers, as the CEO of Anker, exercised such dominion and control over Anker and through the exercise of such dominion and control caused the separate identity of Anker to cease.  The acts and business of Anker were the acts and business of Mr. Summers.

9.      Upon information and belief, Anker is undercapitalized and financed heavily through debt.

10.      Upon information and belief, Mr. Summers does not purchase business liability insurance that may be liable to satisfy all or part of a possible judgment in this action.

11.      Upon information and belief, Mr. Summers commingled his personal funds with those of Anker and treats the assets of Anker as his own.

12.      Upon information and belief, there is such a unity of interest and ownership between Anker and Mr. Summers that the individuality and separateness of Anker ceased.

13.      Upon information and belief, the adherence to the corporate fiction of Anker in light of the deliberate misuses of the corporate form would promote a fraud and injustice under the circumstances.

## JURISDICTION AND VENUE

14.      This is an action for design patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, 271 and 289 *et seq*., the Lanham

/ / /

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1  Act, 15 U.S.C. §§ 1051 *et seq.*, United States Copyright Act, 17 U.S.C. §§ 101 *et*

2  *seq.*, and includes related claims for unfair competition arising under state law.

3       15.    This Court has original jurisdiction over this dispute pursuant to 15

4  U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b), as this action

5  arises under the Lanham Act (15 U.S.C. §§ 1051 *et seq.*), United States Copyright

6  Act (17 U.S.C. §§ 101 *et seq.*), and includes claims of unfair competition that are

7  joined with substantially related claims under the patent, and trademark laws of the

8  United States pursuant to 28 U.S.C. § 1338(b).

9       16.    This Court has supplemental jurisdiction over the state law claim of

10  this complaint pursuant to 28 U.S.C. § 1367(a).

11       17.    Venue is proper within this District under 28 U.S.C. § 1391(b) and 28

12  U.S.C. §§ 1400(a) and (b), as a substantial part of the events giving rise to the

13  claims in this complaint occurred in this judicial district, and Defendant resides

14  within this judicial district, within the meaning of 28 U.S.C. § 1391(c).

15       18.    Defendants regularly conduct business in this district and throughout

16  the United States, and actively engaged in promoting, advertising, marketing,

17  and/or offering products within this judicial district, including the accused product

18  at issue in this lawsuit. Defendants have placed and continues to place infringing

19  products into the stream of commerce, with the knowledge or understanding that

20  such products are sold in the State of California, including in this District. The acts

21  by Defendants cause injury to Plaintiff within this District. Upon information and

22  belief, Defendants derives substantial revenue from the sale of infringing products

23  within this District, expects its actions to have consequences within this District,

24  and derives substantial revenue from interstate commerce. Defendants' contacts

25  with this district are sufficient to confer personal jurisdiction over Defendant.

26  / / /

27  / / /

28  / / /

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

- 3 -

THIRD AMENDED COMPLAINT

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

## BACKGROUND FACTS

### Lanard And Its Distinctive Chalk Bomb!®/Chalk Blast Balls! Product

19.    Lanard is a leading manufacturer and seller of toys throughout the world, including sales on a private label basis to other toy retailers.

20.    In 2015, Lanard's designers developed a unique and original chalk toy— a hand-sized bag filled with powdered chalk styled as a hand grenade. Children can toss it at targets or others to leave marks of colored, washable chalk. The products come in a variety of fabric colors with corresponding internal chalk colors and feature either a yellow or red cord "fuse."

21.    Lanard called its toy both  "Chalk Bomb" and "Chalk Blast Balls! (referred to herein as CHALK BOMB!®/CHALK BLAST BALLS!® or collectively, the "Chalk Bomb product"), and has sold it packaged as a single toy or in multi-packs of three and ten.  As detailed below, Lanard sought and received various forms of intellectual property protection for the Chalk Bomb product.  A photograph of the toy in point-of-sale packaging is shown below:



Lanard Chalk Bomb!

22.    Lanard published its work by November 7, 2015.  It submitted two copyright applications for the packaging to the United States Copyright Office on

- 4 -

December 29, 2015.  The Copyright Office registered Lanard's copyrights effective as of the same date and assigned Registration Nos. VA 2-022-296 and 1-999-283.  True and accurate copies of the applications and resulting registrations, are attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>.  Since that time, Lanard has remained the sole owner of these copyrights.

23.     Lanard also applied for two federal trademark registrations for the mark CHALK BOMB!® and CHALK BLAST BALLS!®, both for "toys comprised of chalk powder, namely, tossing toys and drawing toys" in International Class 028.  The marks registered as U.S. Registration Nos. 5,046,808 and 5,386,759.  A true and accurate copy of the registration certificates are attached hereto as <u>Exhibit C</u>.

24.     Lanard also applied for and received several design patents for its original design, and is the owner by way of assignment, on its ornamental design of the "Chalk Bomb" product from the United States Patent and Trademark Office.  Specifically, on December 5, 2017, Lanard received a registration for Design Patent No. D804, 596 for the Chalk Bomb ("'596 Patent").  A true and accurate copy of the issued '596 Patent is attached hereto as <u>Exhibit D</u>.  On April 10, 2018, Lanard also received a registration for Design Patent No. D815, 220 ("'220 Patent").  A true and accurate copy of the issued '220 Patent is attached hereto as <u>Exhibit E</u>.  The '220 Patent claimed priority to, and is a divisional application of, the '596 Patent (hereinafter, unless referred to individually, "Asserted Patents").

25.     By virtue of significant sales, quality and uniqueness of design, and the substantial time, effort, and money expended over the years by Lanard in creating, promoting, and popularizing this product, Lanard has developed a valuable reputation and goodwill in connection with its CHALK BOMB!®/CHALK BLAST BALLS!® and the trade dress associated therewith. Lanard enjoys substantial demand for this product, and Lanard's trade dress embodied in the CHALK BOMB!®/CHALK BLAST BALLS!® has become well

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

- 5 -

known to consumers and the trade by widespread, continuous, and exclusive use thereof.  The purchasing public and customers of Lanard associate the CHALK BOMB!®/CHALK BLAST BALLS!® trade dress exclusively with Lanard.  Such trade dress is protectable and has acquired secondary meaning.

26.     As a result of the foregoing, the relevant public has come to recognize an association between the CHALK BOMB!®/CHALK BLAST BALLS!® design and Lanard, and has come to understand chalk toys having the design elements used by Lanard are made exclusively by Lanard or otherwise are associated with Lanard.

## **Defendants' Wrongful Conduct**

27.     Anker and IG Design are now and have been separately offering for sale in this district, and elsewhere in the United States, an unauthorized and infringing product, entitled the "Chalk Blast" (alternatively "Accused Chalk Product").

28.     A picture of the "Chalk Blast" product offered by Anker and IG Design is reproduced below on the right next to Lanard's CHALK BOMB!® /CHALK BLAST BALLS!® product on the left:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

- 6 -
THIRD AMENDED COMPLAINT

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

| LANARD PRODUCT | ANKER ("ACCUSED") PRODUCT |
|---|---|
| **CHALK BOMB®!** | **CHALK BLAST** |
|  |  |
| CHALK BLAST BALLS!® | |
|  | |

29.     Upon information and belief, the Accused Chalk Product comes in a variety of fabric colors with corresponding internal chalk colors is identical or substantially similar to Lanard's CHALK BOMB! ®/CHALK BLAST BALLS!®

- 7 -

Product.

     30.    Upon information and belief, the Accused Chalk Product, and its packaging and trademark, "Chalk Blast," are remarkably or confusingly similar to Lanard's CHALK BOMB!®/CHALK BLAST BALLS!®, and copy the original protectable expression in Lanard's design.

     31.    Upon information and belief, Anker's "Chalk Blast" product infringes on Lanard's Asserted Patents and its protected design.  The Accused Chalk Product and the Asserted Patents are provided below in a side-by-side comparison, and reveal that Defendant's "Chalk Blast" product is identical or substantially similar to the Asserted Patents:

| ACCUSED CHALK PRODUCT ANKER CHALK BLAST | D804,596 |
| --- | --- |
|  |  |
|  | D815,220 |
|  |  |

32.     Defendants are thus marketing, advertising, and selling identical or similar products embodying original protected expression, trademark confusingly similar to Lanard's CHALK BOMB!®/CHALK BLAST BALLS!® and infringing the Asserted Patents of Lanard.

33.     Because of Lanard's registered trademarks, the relevant public has and continues to be deceived and/or confused into believing that Defendants' unauthorized "Chalk Blast" originated from Lanard, or is somehow authorized, sponsored by, or in some way associated with Lanard.

34.     Defendants' unauthorized reproduction of Lanard's trademarks and product has created a likelihood of confusion among the relevant public due to the relevant public's association between the look of Lanard's work and Lanard.

35.     Defendants' unauthorized infringement has been willful, and Defendants' intentionally interfered with Lanard's business relations by offering to sell the Accused Chalk Product, thereby wrongfully diverting sales from Lanard.

36.     Defendants' unauthorized use and infringement, promotion, and sale of the Accused Chalk Product has caused Lanard irreparable financial harm.

37.     Upon information and belief, the acts of Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights.

38.     The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Lanard's property and business.  Lanard has no adequate remedy at law.

39.     Upon information and belief, by the acts alleged above, Defendants have made substantial profits to which they are not entitled and have caused Lanard to lose sales and/or other opportunities for monetary relief.

40.     Upon information and belief, Mr. Summers had personal knowledge of Lanard's CHALK BOMB!®/CHALK BLAST BALLS!® before he made the decision of designing, manufacturing, importing, and selling the Accused Products.

41.     Upon information and belief, Mr. Summers made the decision to

THIRD AMENDED COMPLAINT

design, manufacture, import, and distribute the Accused Product.

42.     Upon information and belief, Defendant Anker and IG Design do not have any internal policies or procedures with respect to investigating intellectual property rights of the toy products it sells before selling or offering to sell said products.

43.     Upon information and belief, Defendants did not perform any investigation, inquiry, or diligence regarding the intellectual property rights related to the Accused Product in the United States before selling the Accused Product in the United States.

**FIRST CLAIM FOR RELIEF**

**<u>False Designation of Origin Under 15 U.S.C. § 1125(a)</u>**

**<u>(Against All Defendants)</u>**

44.     Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 43 as if fully set forth herein.

45.     United States Trademark Registration No. 5,046,808 for the mark "CHALK BOMB!" was duly and legally issued by the United States Patent and Trademark Office on September 20, 2016and in addition, United States Registration No. 5,386,759 for CHALK BLAST BALLS!, duly and legally issued by the United States Patent and Trademark Office on January 23, 2018.

46.     Defendants' use of the "Chalk Blast" mark in interstate commerce, without Lanard's consent, is a false designation of origin causing a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public.  Defendants' conduct has infringed Lanard's trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

47.     By reason of the foregoing, Lanard has been injured in an amount not yet fully determined.  Further, Defendants have been unjustly enriched by virtue of their deception of consumers and misappropriation of Lanard's goodwill.

48.     As a result of Defendants' acts of infringement, Lanard has suffered and will continue to suffer irreparable harm for which Lanard has no adequate remedy at law, including damage to Lanard's goodwill.  Unless Defendants' acts of infringement are enjoined by this Court, Lanard will continue to suffer irreparable harm.

49.     Defendants' actions are known, intentional, wanton, and willful.  The principles of equity warrant an award to Lanard of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

## Trademark Infringement (15 U.S.C. § 1114)

## (Against All Defendants)

50.     Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51.     United States Trademark Registration No. 5,046,808 for the mark "CHALK BOMB!" was duly and legally issued by the United States Patent and Trademark Office on September 20, 2016 and in addition, United States Registration No. 5,386,759 for CHALK BLAST BALLS!, duly and legally issued by the United States Patent and Trademark Office on January 23, 2018.

52.     This claim is for trademark infringement under the laws of the United States, Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

53.     Defendants used the "Chalk Blast" mark to promote and sell Anker's Accused Chalk Product in violation of Lanard's rights in its registered trademarks.

54.     Defendants' use of the "Chalk Blast" mark is likely to cause confusion, mistake, and to deceive consumers.

55.     Defendants' actions constitute a blatant attempt to confuse the consuming public and to trade off Lanard's goodwill.

56.     Defendants acted knowingly and willfully, with full knowledge of the likelihood of confusion and with the intent to deceive consumers in order to trade

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1  off the efforts and earned goodwill and reputation of Lanard.

2      57.    By reason of the foregoing acts of trademark infringement, Lanard has

3  been injured in an amount not yet ascertained.  Further, Defendants have been

4  unjustly enriched by virtue of their deception of consumers and misappropriation

5  of Lanard's goodwill.

6      58.    In addition, as a result of Defendants' acts of infringement, Lanard

7  suffered and will continue to suffer irreparable harm for which Lanard has no

8  adequate remedy at law, including damage to Lanard's goodwill.  Unless

9  Defendants' acts of infringement are enjoined by this Court, Lanard will continue

10 to suffer irreparable harm.

11     59.    Defendants' actions have known, intentional, wanton, and willful.

12 The principles of equity warrant an award to Lanard of treble damages and profits,

13 attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

## Patent Infringement (35 U.S.C. § 271)

## (Against All Defendants)

17     60.    Plaintiff incorporates and realleges Paragraphs 1 through 59 of this

18 Complaint.

19     61.    Upon information and belief, Defendants have infringed and continue

20 to infringe U.S. Design Patents D804,596 and D815,220 by using, selling and/or

21 offering to sell in the United States, and/or importing into the United States its

22 "Chalk Blast" product, which embodies the design covered by U.S. Design Patents

23 D804,596 and D815,220.

## FOURTH CLAIM FOR RELIEF

## California Unfair Competition (Cal. Bus. & Prof. Code § 17200 *et seq.*)

## (Against All Defendants)

27     62.    Plaintiff realleges and incorporates herein by this reference each of the

28 allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

63.     The aforementioned acts by Defendants in causing confusion among the relevant public and causing a false association or sponsorship between Anker's goods and Lanard, in California and elsewhere constitute unlawful, unfair, and fraudulent business practices prohibited by Business & Professions Code Section 17200 *et seq*.

64.     The acts by Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights.

65.     As a result of Defendants' unfair competition, Lanard has suffered damage to its goodwill and reputation and has lost sales of its products.

66.     Defendants have made substantial profits based on their unauthorized sales of their infringing "Chalk Blast" product.

67.     Upon information and belief, the aforesaid conduct by Defendants have caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable harm to Lanard's property and business.  Lanard has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

## Copyright Infringement (17 U.S.C. § 101 *et seq.*)

## (Against All Defendants)

68.     Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69.     Lanard has established copyrights in the design of its CHALK BOMB!®/CHALK BLAST BALLS!® packaging and its design constitutes copyrightable subject matter under the copyright laws of the United States.  Lanard is the owner of U.S. Copyright Registration Nos. VA 2-022-296 and VA 1-999-283 directed to its CHALK BOMB!®/CHALK BLAST BALLS!® packaging design.  Lanard is the owner of all right, title, and interest in and to the copyrights in this design.

70.     Defendants' copying and use of Lanard's CHALK BOMB!® toy

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1  packaging is a violation of Lanard's exclusive rights to the original work of

2  authorship in the packaging, including but not limited to the exclusive right to

3  make reproductions and distribute copies to the public.  The infringing copies

4  include the "Chalk Blast" product packaging.

5      71.    Upon information and belief, the acts of Defendants were committed

6  willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights.

7      72.    The aforesaid infringement by Defendants has caused, and unless

8  restrained by this Court will continue to cause, immediate and irreparable injury to

9  Lanard's property and business.  Lanard has no adequate remedy at law.

10                        **PRAYER FOR RELIEF**

11      WHEREFORE, Plaintiff Lanard demands judgment as follows:

12      A.    A declaration that Defendants willfully infringed Lanard's registered

13  trademarks and that defendant's use in commerce of the mark Chalk Blast causes

14  damage to Plaintiff;

15      B.    A declaration that Defendants willfully infringed each of the Asserted

16  Patents and Lanard's copyrighted works;

17      C.    A preliminary and permanent injunction enjoining Anker and IG

18  Design, their officers, agents, servants, employees, attorneys, and those in active

19  concert or participation with them who receive actual notice of the order by

20  personal service or otherwise, from: further acts of infringement of the Asserted

21  Patents and copyrights; utilizing or imitating Lanard's trademarks, including but

22  not limited to manufacturing, distributing, advertising, selling, or offering for sale,

23  any products which use any trademark which is confusingly similar to the Lanard

24  CHALK BOMB!®/CHALK BLAST BALLS!®; injuring the commercial

25  reputation, renown, and goodwill of Lanard; and unfairly competing with Lanard

26  in any manner whatsoever and ordering Defendants to cancel all orders for the

27  Accused Chalk Product embodying Lanard's design patents and trademarks

28  confusingly similar to Lanard's CHALK BOMB!®/CHALK BLAST BALLS!®

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

- 14 -

THIRD AMENDED COMPLAINT

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1  and protected ornamental designs; and to cancel all orders for the Accused

2  Products, ordering Anker to deliver up for destruction all Accused Products, labels,

3  signs, prints, catalogs, sell sheets, purchase orders, invoices, packages, wrappers,

4  receptacles, articles, advertisements, and/or promotional materials in their

5  possession referring or relating to the Accused Products, or other products

6  incorporating Lanard's protected copyrights, ornamental designs or trademarks

7  confusingly similar to Lanard's registered copyrights, trademark and all plates,

8  models, matrices, tooling, computer programs, and other means of making the

9  same, and ordering Defendants to recall any and all Accused Products and

10  infringing goods, or other products incorporating Lanard's registered copyrights,

11  protected designs and trademarks that are infringing, identical, substantially similar

12  or confusingly similar to Lanard's registered copyrights, design patents, and

13  trademarks;

14      D.     An award to Lanard of its actual damages and for all profits realized

15  by Defendants in connection with its infringing activities;

16      E.     An award to Lanard of treble, exemplary, and/or punitive damages;

17      F.     An award to Lanard of its reasonable attorney fees pursuant to 17

18  U.S.C. § 505 and/or 15 U.S.C. § 1117(a), filing fees, and the costs of this action;

19      G.     A judgment declaring this case to be exceptional and awarding

20  Plaintiff their reasonable attorney's fees pursuant to 35 U.S.C. § 285;

21      H.     A judgment awarding Plaintiff all damages adequate to compensate

22  for Defendants' infringement of the Asserted Patents, and particularly Defendants'

23  total profits pursuant to 35 U.S.C. § 289.

24      I.     A judgment awarding Plaintiff all damages, costs, and interest,

25  including treble damages, based on any infringement found to be willful, pursuant

26  to 35 U.S.C. § 284, together with prejudgment interest.

27      J.     An accounting of Defendants' profits.

28      K.     Prejudgment and post judgment interest on the above monetary

- 15 -

1    awards; and

2       L.    Such other and further relief as this Court deems equitable and just.

3

4                      **JURY DEMAND**

5       Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury

6    on all issues so triable.

7    Dated:  July 22, 2020                Respectfully Submitted,

8                                      GORDON REES SCULLY

9                                      MANSUKHANI, LLP

10                          by     */s/ Reid E.Dammann*

11                                      Richard P. Sybert

                                         Reid E. Dammann

12                                    Attorneys for Plaintiff

                                         LANARD TOYS LIMITED

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Gordon & Rees LLP*
*101 W. Broadway Suite 2000*
*San Diego, CA 92101*

- 16 -
**THIRD AMENDED COMPLAINT**

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kaym Teyle Clagett*

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-022-296**

**Effective Date of Registration:**
December 29, 2015

---

## Title

**Title of Work:**   Chalk Balls Packaging

## Completion/Publication

**Year of Completion:**   2015
**Date of 1st Publication:**   November 07, 2015
**Nation of 1st Publication:**   United States

## Author

- **Author:**   Lanard Toys Inc
  **Author Created:**   2-D artwork
  **Work made for hire:**   Yes
  **Domiciled in:**   United States

## Copyright Claimant

**Copyright Claimant:**   Lanard Toys Limited
Elite Centre, 28th Floor, 22 Hung To Road, Kwun Tong, Kowloon, Hong Kong
**Transfer statement:**   By written agreement

## Certification

**Name:**   Jacqueline Yip
**Date:**   December 29, 2015
**Applicant's Tracking Number:**   USCopyright/2015/79051

**Correspondence:**   Yes

Page 1 of 1

**Registration #:**  VA0002022296
**Service Request #:**  1-2995072417

Lanard Toys Inc
Liz Harper
2011 Auto Center Drive, Suite 200
Oxnard, CA 93030 United States

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Kayn Teyle Uayeth*

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-022-296**

**Effective Date of Registration:**
December 29, 2015

## Title _____

**Title of Work:**   Chalk Balls Packaging

## Completion/Publication _____

**Year of Completion:**   2015
**Date of 1st Publication:**   November 07, 2015
**Nation of 1ˢᵗ Publication:**   United States

## Author _____

- **Author:**   Lanard Toys Inc
**Author Created:**   2-D artwork
**Work made for hire:**   Yes
**Domiciled in:**   United States

## Copyright Claimant _____

**Copyright Claimant:**   Lanard Toys Limited
Elite Centre, 28th Floor, 22 Hung To Road, Kwun Tong, Kowloon, Hong Kong
**Transfer statement:**   By written agreement

## Certification _____

**Name:**   Jacqueline Yip
**Date:**   December 29, 2015
**Applicant's Tracking Number:**   USCopyright/2015/79051

**Correspondence:**   Yes

Page 1 of 1

Registration Number

**\*-APPLICATION-\***

## Title

**Title of Work:**  Chalk Balls Product & Packaging

## Completion/Publication

**Year of Completion:**  2015
**Date of 1st Publication:**  November 07, 2015
**Nation of 1st Publication:**  United States

## Author

- **Author:**  Lanard Toys Inc
**Author Created:**  2-D artwork, sculpture
**Work made for hire:**  Yes
**Domiciled in:**  United States

## Copyright Claimant

**Copyright Claimant:**  Lanard Toys Limited
Elite Centre, 28th Floor, 22 Hung To Road, Kwun Tong, Kowloon, Hong Kong
**Transfer statement:**  By written agreement

## Certification

**Name:**  Jacqueline Yip
**Date:**  December 29, 2015
**Applicant's Tracking Number:**  USCopyright/2015/79051

**Registration #:**  *-APPLICATION-*
**Service Request #:**  1-2995072417

## Mail Certificate

Lanard Toys Inc
Liz Harper
2011 Auto Center Drive, Suite 200
Oxnard, CA 93030 United States

**Priority:**  Routine          **Application Date:**  December 29, 2015

## Correspondent

**Organization Name:**  Lanard Toys Limited
**Name:**  Jacqueline Yip
**Email:**  legal@lanard.com.hk
**Address:**  Elite Centre, 28th Floor, 22 Hung To Road, Kwun Tong, Kowloon
Hong Kong



**PRODUCT PACKAGING - PERSPECTIVE FROM FRONT (SET 1)**



**PRODUCT PACKAGING - PERSPECTIVE FROM BACK**



**PRODUCT - PERSPECTIVE FROM FRONT**



**PRODUCT - PERSPECTIVE FROM BACK**

79051

3



**PRODUCT - PERSPECTIVE FROM TOP VIEW**



**PRODUCT -  PERSPECTIVE FROM BOTTOM VIEW**

79051

4

# EXHIBIT
# B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

## VA 1-999-283

**Effective Date of Registration:**
December 29, 2015

---

## Title

|  |  |
|---|---|
| **Title of Work:** | Chalk Balls Packaging |

## Completion/Publication

|  |  |
|---|---|
| **Year of Completion:** | 2015 |
| **Date of 1st Publication:** | November 07, 2015 |
| **Nation of 1st Publication:** | United States |

## Author

- |  |  |
  |---|---|
  | **Author:** | Lanard Toys Inc |
  | **Author Created:** | 2-D artwork |
  | **Work made for hire:** | Yes |
  | **Domiciled in:** | United States |

## Copyright Claimant

|  |  |
|---|---|
| **Copyright Claimant:** | Lanard Toys Limited<br>Elite Centre, 28th Floor, 22 Hung To Road, Kwun Tong, Kowloon, Hong Kong |
| **Transfer statement:** | By written agreement |

## Certification

|  |  |
|---|---|
| **Name:** | Jacqueline Yip |
| **Date:** | December 29, 2015 |
| **Applicant's Tracking Number:** | USCopyright/2015/79047 |

Page 1 of 1

**Registration #:** VA0001999283
**Service Request #:** 1-2995072382

Lanard Toys Inc
Liz Harper
2011 Auto Center Drive, Suite 200
Oxnard, CA 93030 United States

Registration Number

# *-APPLICATION-*

## Title _____

        **Title of Work:**  Chalk Balls Packaging

## Completion/Publication _____

      **Year of Completion:**  2015
    **Date of 1st Publication:**  November 07, 2015
   **Nation of 1st Publication:**  United States

## Author _____

    •     **Author:**  Lanard Toys Inc
      **Author Created:**  2-D artwork
  **Work made for hire:**  Yes
       **Domiciled in:**  United States

## Copyright Claimant _____

   **Copyright Claimant:**  Lanard Toys Limited
                     Elite Centre, 28th Floor, 22 Hung To Road, Kwun Tong, Kowloon, Hong Kong
    **Transfer statement:**  By written agreement

## Certification _____

             **Name:**  Jacqueline Yip
              **Date:**  December 29, 2015
**Applicant's Tracking Number:**  USCopyright/2015/79047

Registration #:    *-APPLICATION-*
Service Request #:    1-2995072382

## Mail Certificate

Lanard Toys Inc
Liz Harper
2011 Auto Center Drive, Suite 200
Oxnard, CA 93030 United States

Priority:   Routine          Application Date:   December 29, 2015

## Correspondent

Organization Name:   Lanard Toys Limited
Name:   Jacqueline Yip
Email:   legal@lanard.com.hk
Address:   Elite Centre, 28th Floor, 22 Hung To Road, Kwun Tong, Kowloon
Hong Kong



**PERSPECTIVE FROM FRONT (SET 1)**



**PERSPECTIVE FROM FRONT (SET 2)**



**PERSPECTIVE FROM BACK (Common back panel for all 2 sets)**

# EXHIBIT C

# United States of America

## United States Patent and Trademark Office

# Chalk Bomb!

**Reg. No. 5,046,808**

**Registered Sep. 20, 2016**

**Int. Cl.: 28**

**Trademark**

**Principal Register**

Lanard Toys Limited (HONG KONG LIMITED LIABILITY COMPANY)
28/F Elite Centre,22 Hung To Rd, Kowloon
Hong Kong HONG KONG

CLASS 28: Toys comprised of chalk powder, namely, tossing toys and drawing toys

FIRST USE 11-7-2015; IN COMMERCE 11-7-2015

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "CHALK"

SER. NO. 86-741,336, FILED 08-29-2015
MILDRED ELIZABE BLACK, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT
# D

US00D804596S

(12) **United States Design Patent** (10) Patent No.: **US D804,596 S**

Nichols (45) Date of Patent: ** Dec. 5, 2017

(54) **TOY THROWING BALL**

(71) Applicant: **Lanard Toys Limited**, Kowloon (HK)

(72) Inventor: **Blake Christopher Nichols**, Tarzana, CA (US)

(73) Assignee: **Lanard Toys Limited**, Kowloon (HK)

(**) Term: **15 Years**

(21) Appl. No.: **29/554,437**

(22) Filed: **Feb. 11, 2016**

(51) LOC (10) Cl. ............................................... **21-01**

(52) U.S. Cl.
USPC ........................................ **D21/714**; D21/707

(58) **Field of Classification Search**
USPC ...... D21/300, 301, 385, 386, 392, 398, 405, D21/406, 439, 440, 465, 466, 483, 567, D21/570, 572, 623, 630, 658, 659, 662, D21/680, 684, 698, 707–714, 719, 753, D21/785, 787, 791, 798, 800, 811, 812; D9/702–707, 720, 600–681, 501, 517, D9/519, 435, 444; D3/18, 20, 22, 27, D3/201, 226, 229, 232–234, 238, 244, D3/257, 258, 269, 270, 271.1, 271.9, 299, D3/300, 303; D30/160; D99/34; D32/29.1, 36, 37, 40; D28/5, 6, 8, 63, D28/73, 75, 76, 77; D27/172, 185; D26/6, 7; D23/366–368; D8/1, 499, D8/322, 374, 375, 400, 402; D22/112, D22/115, 119, 120, 122; D24/207, 208, D24/199; D7/624.2, 624.3, 901; D11/121, 125, 130, 130.1, 131.1, 143, D11/144, 148, 149, 153, 157, 164; D1/102, 105; D6/610; 446/4, 5, 73–76, 446/267, 398, 400, 401, 473, 486, 487, 446/488, 490; 383/30, 42, 60, 60.1, 61.4, 383/71–77, 90, 120, 901, 902, 907; 150/150, 154, 155, 158, 160, 900, 901; 229/87.02, 87.03, 87.08, 87.14, 87.2, 89, 229/91, 904.1; 428/11, 12; 119/707–711; 473/569–571, 575–577, 473/578, 579, 582, 583, 587, 593–615

CPC ....... A63B 67/002; A63B 67/08; A63B 67/18; A63B 65/00; A63B 65/06; A63B 2069/0044; A63B 69/004; A63B 69/0079; A63B 69/20; A63B 69/201; A63B 69/203;
(Continued)

(56) **References Cited**

U.S. PATENT DOCUMENTS

179,236 A 6/1876 Walsh
656,398 A * 8/1900 Fairfax ................ B65D 33/165
383/71
(Continued)

FOREIGN PATENT DOCUMENTS

GB 2468482 A 9/2010

*Primary Examiner* — Catherine A Tuttle
(74) *Attorney, Agent, or Firm* — Gordon Rees Scully Mansukhani, LLP

(57) **CLAIM**

The ornamental design for a toy throwing ball, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a toy throwing ball showing my new design;
FIG. **2** is a front elevational view thereof;
FIG. **3** is a rear elevational view thereof;
FIG. **4** is a left side elevational view thereof;
FIG. **5** is a right side elevational view thereof;
FIG. **6** is a top plan view thereof; and,
FIG. **7** is a bottom plan view thereof.
The broken lines represent the portions of the toy throwing ball that form no part of the claimed design.
The stippling in the drawings represents shading and not a surface pattern.

**1 Claim, 2 Drawing Sheets**



## US D804,596 S
Page 2

**(58) Field of Classification Search**
CPC ....... A63B 69/205; A63B 69/24; A63B 69/34;
A63B 69/3688; A63B 69/00; A63B
43/002; A63B 43/007; A63B 2043/001;
A63F 9/02; A63F 9/0247; A63F 9/0278;
A63F 9/0282; A63H 33/18; A63H 33/30;
A63H 37/00; A63H 5/04; A01G 13/0237;
B65D 63/10; B65D 33/06; B65D 33/16;
B65D 33/1616; B65D 33/1633; B65D
33/1658; B65D 33/18; B65D 33/20;
B65D 33/165; B65D 85/34; B65D
85/345; B65D 85/52; B65D 85/60
See application file for complete search history.

**(56) References Cited**

### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 663,634 | A | * | 12/1900 | Mitzel ................... F16K 15/202 |
| | | | | 264/154 |
| 1,087,955 | A | * | 2/1914 | Knothe ................... B65D 85/18 |
| | | | | 206/278 |
| 1,096,537 | A | * | 5/1914 | Humphreys ........... B65D 33/20 |
| | | | | 2/251 |
| 1,164,450 | A | * | 12/1915 | Bates ..................... B65D 63/12 |
| | | | | 24/27 |
| 1,535,732 | A | * | 4/1925 | Malm ................... B65D 33/165 |
| | | | | 383/71 |
| 1,811,414 | A | * | 6/1931 | Gammeter ........... A63B 39/025 |
| | | | | 206/315.9 |
| 1,898,817 | A | * | 2/1933 | Dole ....................... A63H 5/00 |
| | | | | 473/571 |
| 1,964,887 | A | * | 7/1934 | Lovett, Jr. ........... B65D 85/52 |
| | | | | 206/423 |
| 1,991,827 | A | * | 2/1935 | Todd ................... D06F 95/006 |
| | | | | 24/30.5 R |
| 2,460,963 | A | * | 2/1949 | Young ................... B65D 77/10 |
| | | | | 24/30.5 R |
| 2,818,900 | A | * | 1/1958 | Forman ................. D06F 95/006 |
| | | | | 383/102 |
| 3,304,650 | A | * | 2/1967 | Glass ..................... A63H 5/04 |
| | | | | 446/405 |
| 3,353,662 | A | * | 11/1967 | Pickin ................... B65D 33/30 |
| | | | | 206/390 |
| 3,874,034 | A | * | 4/1975 | Clayton ............... B65D 63/1027 |
| | | | | 24/30.5 P |
| D296,870 | S | | 7/1988 | Myers |
| D301,595 | S | | 6/1989 | Murray |
| 4,932,329 | A | * | 6/1990 | Logie ................... F24B 12/50 |
| | | | | 102/482 |
| D315,368 | S | * | 3/1991 | Wakui .......................... D21/710 |
| 5,222,802 | A | 6/1993 | Beck |
| 5,535,543 | A | | 7/1996 | Alexander |
| 5,630,763 | A | * | 5/1997 | Li-Tsan ......................... 40/327 |
| 5,890,343 | A | * | 4/1999 | Weder ..................... A01G 5/04 |
| | | | | 53/399 |
| 6,196,543 | B1 | | 3/2001 | Cornett |
| D441,278 | S | | 5/2001 | Remar |
| D448,927 | S | | 10/2001 | Vazquez |
| D473,374 | S | | 4/2003 | Vazquez |
| D482,197 | S | | 11/2003 | Vazquez |
| D515,937 | S | | 2/2006 | Bowling |
| 7,234,703 | B1 | * | 6/2007 | Kusz ..................... A63B 67/007 |
| | | | | 273/440 |
| D547,059 | S | | 7/2007 | Keller |
| D580,205 | S | | 11/2008 | Callahan |
| D600,864 | S | | 9/2009 | Lapin .......................... D30/160 |
| D620,253 | S | | 7/2010 | Baker |
| D656,281 | S | | 3/2012 | Morton |
| D678,815 | S | * | 3/2013 | Hernandez ................. D11/121 |
| 8,697,164 | B2 | | 4/2014 | Foley et al. |
| D712,485 | S | * | 9/2014 | Fernandez ................. D21/385 |
| 2007/0031071 | A1* | 2/2007 | Perrette ................. A45C 3/001 |
| | | | | 383/42 |
| 2009/0223405 | A1* | 9/2009 | Tippmann ............. A63H 33/18 |
| | | | | 102/513 |

\* cited by examiner

**U.S. Patent**          Dec. 5, 2017          Sheet 1 of 2          **US D804,596 S**

FIG. 1



FIG. 2

FIG. 3




FIG. 4

FIG. 5



FIG. 6

FIG. 7

# EXHIBIT
# E

US00D815220S

(12) **United States Design Patent**   (10) Patent No.:    **US D815,220 S**

Nichols                                        (45) Date of Patent:    ✶✶ **Apr. 10, 2018**

(54) **TOY THROWING BALL**

(71) Applicant: **Lanard Toys Limited**, Kowloon (HK)

(72) Inventor: **Blake Christopher Nichols**, Tarzana, CA (US)

(73) Assignee: **Lanard Toys Limited**, Kowloon (HK)

(**) Term: **15 Years**

(21) Appl. No.: **29/621,960**

(22) Filed: **Oct. 12, 2017**

**Related U.S. Application Data**

(62) Division of application No. 29/554,437, filed on Feb. 11, 2016, now Pat. No. Des. 804,596.

(51) **LOC (11) Cl.** ............................................. **21-02**

(52) **U.S. Cl.**
USPC ........................................ **D21/714**; D21/707

(58) **Field of Classification Search**
USPC ...... D21/300, 301, 385, 386, 392, 398, 405,
D21/406, 439, 440, 465, 466, 483, 567,
D21/570, 572, 623, 630, 658, 659, 662,
D21/680, 684, 698, 707–714, 719, 753,
D21/785, 787, 791, 798, 800, 811, 812;
D9/702–707, 720, 600–681, 501, 517,
D9/519, 435, 444; D3/18, 20, 22, 27,
D3/201, 226, 229, 232–234, 238, 244,
D3/257, 258, 269, 270, 271.1, 271.9, 299,
D3/300, 303; D30/160; D99/34;
D32/29.1, 36, 37, 40; D28/5, 6, 8, 63,
D28/73, 75, 76, 77; D27/172, 185;
D26/6, 7; D23/366–368; D8/1, 499,
D8/322, 374, 375, 400, 402; D22/112,
D22/115, 119, 120, 122; D24/207, 208,
D24/199; D7/624.2, 624.3, 901;
D11/121, 125, 130, 130.1, 131.1, 143,
D11/144, 148, 149, 153, 157, 164;
D1/102, 105; D6/610; 446/4, 5, 73–76,

446/267, 398, 400, 401, 473, 486, 487,
446/488, 490; 383/30, 42, 60, 61.1, 61.4,
383/71–77, 90, 120, 901, 902, 907;
150/150, 154, 155, 158, 160, 900, 901;
229/87.02, 87.03, 87.08, 87.14, 87.2, 89,
(Continued)

(56)                **References Cited**

U.S. PATENT DOCUMENTS

179,236  A       6/1876  Walsh
656,398  A  *    8/1900  Fairfax  ................  B65D 33/165
                                                            383/71
(Continued)

FOREIGN PATENT DOCUMENTS

GB         2468482 A      9/2010

*Primary Examiner* — Catherine A Tuttle
(74) *Attorney, Agent, or Firm* — Gordon Rees Scully; Masukhani, LLP

(57)                  **CLAIM**

The ornamental design for a toy throwing ball, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a toy throwing ball showing my new design;
FIG. **2** is a front elevational view thereof;
FIG. **3** is a rear elevational view thereof;
FIG. **4** is a left side elevational view thereof;
FIG. **5** is a right side elevational view thereof;
FIG. **6** is a top plan view thereof; and,
FIG. **7** is a bottom plan view thereof.
The broken lines represent the portions of the toy throwing ball that form no part of the claimed design. The stippling in the drawings represents shading and not a surface pattern.

**1 Claim, 2 Drawing Sheets**



## US D815,220 S

Page 2

(58) **Field of Classification Search**
USPC ............................ 229/91, 904.1; 428/11, 12;
119/707–711; 473/569–571, 575–577,
473/578, 579, 582, 583, 587, 593–615
CPC ....... A63B 67/002; A63B 67/08; A63B 67/18;
A63B 65/00; A63B 65/06; A63B
2069/0044; A63B 69/004; A63B 69/0079;
A63B 69/20; A63B 69/201; A63B
69/203; A63B 69/205; A63B 609/24;
A63B 69/34; A63B 69/3688; A63B
43/00; A63B 43/002; A63B 43/007; A63B
2043/001; A63F 9/02; A63F 9/0247;
A63F 9/0278; A63F 9/0282; A63H 33/18;
A63H 33/30; A63H 37/00; A63H 5/04;
A01G 13/0237; B65D 63/10; B65D
33/06; B65D 33/16; B65D 33/1616;
B65D 33/1633; B65D 33/1658; B65D
33/18; B65D 33/20; B65D 33/165; B65D
85/34; B65D 85/345; B65D 85/52; B65D
85/60
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 663,634 | A | * | 12/1900 | Mitzel ..................... F16K 15/202 264/154 |
| 1,087,955 | A | * | 2/1914 | Knothe .................. B65D 85/18 206/278 |
| 1,096,537 | A | * | 5/1914 | Humphreys ........... B65D 33/20 2/251 |
| 1,164,450 | A | * | 12/1915 | Bates ..................... B65D 63/12 24/27 |
| 1,535,732 | A | * | 4/1925 | Malm ..................... B65D 33/165 383/71 |
| 1,811,414 | A | * | 6/1931 | Gammeter ........... A63B 39/025 206/315.9 |
| 1,898,817 | A | * | 2/1933 | Dole ....................... A63H 5/00 473/571 |
| 1,964,887 | A | * | 7/1934 | Lovett, Jr. ............. B65D 85/52 206/423 |
| 1,991,827 | A | * | 2/1935 | Todd ..................... D06F 95/006 24/30.5 R |
| 2,460,963 | A | * | 2/1949 | Young ................... B65D 77/10 24/30.5 R |
| 2,818,900 | A | * | 1/1958 | Forman ................. D06F 95/006 383/102 |
| 3,304,650 | A | * | 2/1967 | Glass ..................... A63H 5/04 446/405 |
| 3,353,662 | A | * | 11/1967 | Pickin .................. B65D 33/30 206/390 |
| 3,874,034 | A | * | 4/1975 | Clayton ............... B65D 63/1027 24/30.5 P |
| D296,870 | S | | 7/1988 | Myers |
| D301,595 | S | | 6/1989 | Murray |
| 4,932,329 | A | * | 6/1990 | Logie ..................... F42B 12/50 102/482 |
| D315,368 | S | | 3/1991 | Wakui .................... D21/710 |
| 5,222,802 | A | | 6/1993 | Beck |
| 5,535,543 | A | | 7/1996 | Alexander |
| 5,630,763 | A | * | 5/1997 | Li-Tsan ............. A63B 69/3655 40/327 |
| 5,890,343 | A | * | 4/1999 | Weder .................... A01G 5/04 53/399 |
| 6,196,543 | B1 | | 3/2001 | Cornett |
| D441,278 | S | | 5/2001 | Remar |
| D448,927 | S | | 10/2001 | Vazquez |
| D473,374 | S | | 4/2003 | Vazquez |
| D482,197 | S | | 11/2003 | Vazquez |
| D515,937 | S | | 2/2006 | Bowling |
| 7,234,703 | B1 | * | 6/2007 | Kusz ..................... A63B 67/007 273/440 |
| D547,059 | S | | 7/2007 | Keller |
| D580,205 | S | | 11/2008 | Callahan |
| D600,864 | S | * | 9/2009 | Lapin .................... D30/160 |
| D620,253 | S | | 7/2010 | Baker |
| D656,281 | S | | 3/2012 | Morton |
| D678,815 | S | * | 3/2013 | Hernandez ................. D11/121 |
| 8,697,164 | B2 | | 4/2014 | Foley et al. |
| D712,485 | S | * | 9/2014 | Fernandez .................. D21/385 |
| 2007/0031071 | A1 | * | 2/2007 | Perrette ................. A45C 3/001 383/42 |
| 2009/0223405 | A1 | * | 9/2009 | Tippmann ............. A63H 33/18 102/513 |

* cited by examiner

FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7

